UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

ZURI S.K. YOUNG,
Plaintiff,
v.
JEFFREY MACOMBER, et al.,
Defendants.

Case No. 26-cv-07056-WHO (PR)

**ORDER TO SHOW CAUSE WHY PAUPER STATUS IS NOT BARRED**

Dkt. No. 5

United States District Court
Northern District of California

Plaintiff Zuri Sana-Kabisa Young, a state prisoner and frequent litigant in federal court, has filed this federal civil rights action under 42 U.S.C. § 1983 along with a motion to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915. **Young is ordered to show cause on or before January 4, 2027 why 28 U.S.C. § 1915(g) does not bar pauper status.**

A prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Relying on the statute's command that "*in no event*" may such a prisoner proceed, the Ninth Circuit explained that this bar is triggered by a prisoner's history of filing frivolous litigation rather than by the merits of the current action. *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (emphasis in original).

Under the law of this circuit, a plaintiff must be afforded an opportunity to persuade the court that section 1915(g) does not bar pauper status for him. *See Andrews v. King*,

398 F.3d 1113, 1120 (9th Cir. 2005). *Andrews* requires that the prisoner be given notice of the potential applicability of section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that section 1915(g) does not bar pauper status for him. *Id.* *Andrews* implicitly allows the court to raise sua sponte the section 1915(g) problem, but requires the court to notify the prisoner of the earlier dismissals it considers to support a section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *Id.* A dismissal under section 1915(g) means that a prisoner cannot proceed with his action as a pauper under section 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

Here, Young has had at least three prior prisoner actions or appeals dismissed by a federal court on the grounds that they are frivolous, malicious, or that they failed to state a claim upon which relief may be granted:

1. *Young v. State of California* ("*California 1999*"), No. 2:99-cv-01039-DFL-JFM (E.D. Cal. Oct. 7, 1999) (dismissing complaint for failing to state a claim);

2. *Young v. United States Gov't.* ("*U.S. Government*"), No. 2:02-cv-02940-RT-E (C.D. Cal. Oct. 15, 2002) (adopting findings and recommendations to dismiss complaint for failure to state a claim and as frivolous);

3. *Young v. State of California* ("*California 2002*"), No. 2:02-cv-09138-FMC-E (C.D. Cal. Feb. 7, 2003) (adopting findings and recommendations to dismiss complaint as bared by *Heck v. Humphrey* (*Heck*), 512 U.S. 477 (1994) (an individual bringing a claim under 42 U.S.C. § 1983 must base the pursuit of damages for an unconstitutional conviction on the reversal or invalidation of the conviction and two defendants were entitled to sovereign immunity on the face of the complaint));

4. *Young v. Sumptner* ("*Sumptner*") No. 2:05-cv-03653-CBM-E (C.D. Cal March 30, 2006) (adopting findings and recommendations to dismiss action for failure to file an amended complaint after dismissal with leave to amend; initial dismissal for failure to state a claim);

United States District Court
Northern District of California

5. *Young v. Cate* ("*Cate*"), No. 5:11-cv-02825-EJD (May 30, 2012) (dismissing action for failure to file a second amended complaint after two dismissals with leave to amend; first two dismissals concluded complaint was prolix);

and

6. *Young v. Voong* ("*Voong*"), Case No. 1:17-cv-01671-LJO-SAB (E.D. Cal.) (dismissing complaint for failure to state a claim).

Each of these dismissals counts as a strike. As to Young's *California 1999*, *U.S Government*, and *Voong actions*, it is well-established that a dismissal for failure to state a claim constitutes a strike. *See* 28 U.S.C. § 1915(g) (an action "dismissed on the grounds that it . . . fails to state a claim upon which relief may be granted" is a strike); *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011) (same).

As to Young's *California 2002* action, the Ninth Circuit has concluded that a dismissal counts as a strike where an affirmative defense, such as a *Heck* bar, is apparent on the face of the complaint. *See Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1055-57 (9th Cir. 2016); *see also Irby v. Gilbert*, No. 16-35373, 2016 WL 11618605, at *1 (9th Cir. Nov. 14, 2016) (acknowledging this holding).

As to Young's *Sumptner* action, where a plaintiff fails to file an amended complaint after an initial complaint was dismissed with leave to amend, this counts as a strike. *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (where complaint is dismissed with leave to amend, and prisoner fails to amend, the dismissal counts as a strike).

Finally, as to Young's *Cate* action, the failure to correct a prolix complaint after having been given leave to do so constitutes a strike, as does the failure to amend a complaint after having been given leave to do so. *See Knapp v. Hogan*, 738 F.3d 1106, 1108-09 (9th Cir. 2013) ("We hold that repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' . . . when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time.") (citation omitted).

Also, the Ninth Circuit has recognized on two occasions that Young has accrued at least three strikes. *See* Dkt. No. 4, *Young v. Godwin*, Appeal No. 20-16446 (9th Cir. Sept. 17, 2020); Dkt. No. 6, *Young v. Williams*, Appeal No. 19-55513 (9th Cir. Oct. 25, 2019).

In light of these dismissals, and because Young does not appear to be under imminent danger of serious physical injury, the Court now orders him to show cause why IFP status should not be denied and the present suit should not be dismissed pursuant to 28 U.S.C. § 1915(g).

Young's response to this order to show cause is due no later than **January 4, 2027**. The response must clearly be labeled "RESPONSE TO ORDER TO SHOW CAUSE." In the alternative to showing cause why this action should not be dismissed, Young may avoid dismissal by paying the full filing fee of $405.00 by January 4, 2027.

Failure to file a response by **January 4, 2027**, or failure to pay the full filing fee by that date, will result in the dismissal of this action without prejudice to Young bringing his claims in a new paid complaint.

Young's motion for summary judgment is DENIED without prejudice. (Dkt. No. 5.)

The Clerk shall terminate Dkt. No. 5.

**IT IS SO ORDERED.**

**Dated:** November 6, 2026

WILLIAM H. ORRICK
United States District Judge